## Beres Unemployment Compensation Case.

Argued April 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Michael Beres,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., June 13, 1962:

In this unemployment compensation case the bureau, the referee and the board all concluded that appellant was disqualified from receiving compensation under §401(f) of the Unemployment Compensation Law, 43 PS §801(f).

Appellant was last employed by the American Steel and Wire Division and his last day of work was June 11, 1960. Appellant was denied benefits on separation from his last employment under the provisions of §402(b)(1) of the Law in a decision by the referee dated March 17, 1961. Appellant did not appeal that decision within the ten-day statutory appeal period until April 4, 1961, and his appeal was, accordingly, dismissed by the board on April 26, 1961, under the provisions of §502 of the Law. Appellant did not appeal this latter decision and he has had no employment since his separation from his last employment at American Steel and Wire Division.

Section 401(f) of the Law provides: "Compensation shall be payable to any employe who is or becomes unemployed, and who . . . (f) Has, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402 (b) and 402(e) of this act, been paid remuneration for services in an amount equal to or in excess of eight (8) times his weekly benefit rate, irrespective of whether or not such services were in 'employment' as defined in this act."

The record clearly discloses that appellant had an invalid separation from his last employment with American Steel and Wire Division. Appellant failed to timely file an appeal from the referee's decision within ten days thereof, pursuant to §502 of the Law. Accordingly, his invalid separation under §402(b)(1) remained.

Decision affirmed.